# CIVIL COVER SHEET

JS 44 (Rev. 12/12)

Case 2:15-cv-03716-WB   Document 1   Filed 07/02/15   Page 1 of 14

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carmen Nieves
3404 Knights Road, Apt. 20
Bensalem, PA 19020

**DEFENDANTS**
United States Of America, Office of General Counsel
330 C St., SW Suite 2600 Mary E. Switzer Bldg
Washington D. C. 20201

(b) County of Residence of First Listed Plaintiff: **Bucks County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert A. Huber, Esquire, HUBER & PALSIR, LLC
P.O. Box 37008  Philadelphia, PA 19122

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2401 (b)

Brief description of cause:
Defendant failed to properly treat and monitor Plaintiff who had severe reaction to improper medication

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 750,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/02/2015
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

JUL - 2 2015

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Case 2:15-cv-03716-WB   Document 1   Filed 07/02/15   Page 2 of 14



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Carmen Nieves | : | CIVIL ACTION |
| v. | : | |
| United States of America | : | 15  3716 |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 07-02-2015 | [signature] | Plaintiff Carmen Nieves |
| Date | Attorney-at-law | Attorney for |
| (215) 627-0676 | (215) 627-0876 | rhuber@huberpaisic.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

JUL -2 2015

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **3404 Knights Road, Apt 20, Bensalem, PA 19020**   15  3716

Address of Defendant: **330 C Street, SW, SUite 2600, Mary E Switzer Bldg., Washington DC**

Place of Accident, Incident or Transaction: **Philadelphia, PA**     20201

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) **Medical Malpractice**

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, **Robert A Huber**, counsel of record do hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: **July 2, 2015**     _____     **58948**
                           Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **July 2, 2015**     _____ JUL -2 2015    **58948**
                           Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

9400

HUBER & PALSIR, LLC
BY: ROBERT A. HUBER, ESQUIRE
IDENTIFICATION NO.: 58948
P.O.BOX 37008
PHILADELPHIA, PA 19122
(215) 627-0676 – p
rhuber@huberpalsir.com - email

Attorneys for Plaintiff,
Carmen Nieves

15  3716

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARMEN NIEVES** <br> **3404 Knights Road, Apt 20** <br> **Bensalem, PA 19020** <br> <br> vs. <br> <br> **UNITED STATES OF AMERICA** <br> **Office of the General Counsel** <br> **General Law Division** <br> **330 C Street, SW** <br> **Suite 2600 – Mary E. Switzer Building** <br> **Washington, D.C. 20201** | CIVIL ACTION <br> <br> <br> <br> <br> <br> NO.: |

FILED
JUL 2 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## PLAINTIFF'S CIVIL ACTION COMPLAINT

1. Plaintiff, Carmen Nieves, is an adult individual who residing at the above-captioned premises at all times material hereto.

2. Defendant, United States of America is a governmental entity who is the proper defendant in interest in this medical malpractice case, as the individuals and entity that were involved in the care at issue (Bryan Hollinger, M.D., Robert Reich, PA-C, Timothy D. Johnston, M.D., Timothy J. Leahman, M.D. and Esperanza Health Center, Inc. – hereinafter collectively referred to as the "Esperanza actors") are federal defendants by virtue of the Federally Supported Health Centers Assistance Act, 42 U.S.C. Section 233(a), (g). As such, this case falls under the Federal Tort Claims Act, giving rise to Federal Court jurisdiction in this case.

1

3. At all times material hereto, the Esperanza actors were authorized to did regularly conduct business in and treated plaintiff in the City of Philadelphia, Pennsylvania at all times material hereto. Moreover, the Esperanza actors each reside in and do business in Philadelphia, Pennsylvania.

4. The Esperanza actors, and thus the United States of America, were the business of providing professional medical care and services including primary care services to plaintiff, Carmen Nieves.

5. Plaintiff timely submitted her Administrative Claim for Damages against the United States of America pursuant to the Federal Tort Claims Act.

6. By letter dated and mailed January 23, 2015 from the Department of Health and Human Services, plaintiff's aforementioned claim was denied. (A copy of said letter is Attached hereto as exhibit "A").

7. Suit was timely instituted against the United States of America within 6 months of the mailing of the aforementioned letter in the appropriate federal district court, the Eastern District of Pennsylvania.

8. At all times material hereto, the individual Esperanza physician actors held themselves out to plaintiff as physicians possessing the skill, knowledge, experience and qualifications to render proper medical care and services to the plaintiff.

9. At all times material hereto, Robert Reich, PA-C held himself outto plaintiff as a physician's assistant and medical professional possessing the skill, knowledge, experience and qualifications to render proper medical care and services to the plaintiff.

10. At all times material hereto, Esperanza Health Center held itself out as a provider of medical care and services to plaintiff with competent physicians, physician's

assistant(s) and medical staff possessing the skill, experience, knowledge and qualifications to render proper medical care and services to plaintiff.

11. At all times material hereto, the Esperanza Actors were acting by and through his/her/ its authorized agents, workmen and servants, and/or employees, either actual, apparent or ostensible, who were acting within the course and/or scope of their agency and/or authority. As the Esperanza actors were each federal defendants acting on behalf of the United States of America at all times material hereto, Plaintiff invokes the doctrine of *Respondeat Superior* as to defendant United States of America.

12. At all times material hereto, the each Esperanza Actor was the agent, servant, workman and/or employee of one another.

13. At all times material hereto, Esperanza Heath Center, Inc. (the United States of America) owed a duty to plaintiff to select and retain only competent physicians; a duty to oversee all persons who practice medicine within its walls as to patient care; and a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for its patients, including plaintiff.

14. At all times material hereto, Plaintiff was accepted as a patient at Esperanza Health Center where had been a patient since at least January of 2007. Plaintiff relied upon Esperanza Health Center and its agents, servants, workmen and/or employees to provide her with proper medical care and services at all times material hereto.

15. At all times material hereto, the care which is the subject of the instant litigation that was provided to plaintiff by the United States of America by and through Robert Reich, PA – C, Bryan Hollinger, M.D., Timothy D. Johnston, M.D. Timothy J. Leahman, M.D. and Esperanza Health Center occurred in Philadelphia, PA.

3

16. At all times material hereto, the United States of America knew or should have known that plaintiff was HIV positive and was taking medications which included but are not limited to Norvir and Prezista.

17. On or about July 20, 2011, plaintiff received medical care and services at defendant Esperanza Health Center believed to have been provided by Robert Reich, PA-C and/or Timothy D. Johnston, M.D. who signed that office note. At that time, plaintiff was prescribed 80 mg of Pravachol to Plaintiff in addition to her other medications including Norvir and Prezista.

18. On or about August 9, 2011, plaintiff received medical care and services at defendant Esperanza Health Center believed to have been provided by Robert Reich, PA-C and/or Timothy J. Leahman, M.D. who signed that office note. The office notes document that plaintiff was still prescribed 80 mg of Pravachol including Norvir and Prezista.

19. On or about September 13, 2011, plaintiff received medical care and services at defendant Esperanza Health Center believed to have been provided by Robert Reich, PA-C and/or Timothy J. Leahman, M.D. who signed that office note. The office notes document that plaintiff was still prescribed 80 mg of Pravachol along with Norvir and Prezista among other medications.

20. On or about October 13, 2011, plaintiff received medical care and services at defendant Esperanza Health Center. The office notes document that plaintiff was still prescribed 80 mg of Pravachol along with Norvir and Prezista among other medications.

21. On or about October 25, 2011, plaintiff received medical care and services at defendant Esperanza Health Center believed to have been provided by Defendants Robert

Reich, PA-C and/or Timothy D. Johnston, M.D. who signed that office note. The aforementioned prescriptions were not discontinued at that time.

22. On or about December 7, 2011, plaintiff received medical care and services at defendant Esperanza Health Center believed to have been provided by Defendants Robert Reich, PA – C and/or Bryan Hollinger, M.D. who signed that office note. The aforementioned prescriptions were not discontinued at that time.

23. On or about January 10, 2012, plaintiff received medical care and services at defendant Esperanza Health Center believed to have been provided by Robert Reich, PA – C and/or Bryan Hollinger, M.D. who signed that office note. The office notes document that plaintiff was still prescribed 80 mg of Pravachol along with Norvir and Prezista.

24. On or about January 21, 2012, Neshaminy Pharmacy and Ilhama Anzabi filled and dispensed medication to Plaintiff including 80 mg of Simvastatin which was labeled as 80mg of Pravachol (Pravastatin), instead of the prescribed 80 mg of Pravachol.

25. On or about March 1, 2012 and April 3, 2012, plaintiff received medical care and services at defendant Esperanza Health Center believed to have been provided by Robert Reich, PA – C and/or Bryan Hollinger, M.D. who signed that office note. Plaintiff's aforementioned prescriptions were not discontinued at that time.

26. The United States of America knew or should have known that the prescription and use of the statin medication Simvastatin at the prescribed dosage of 80 mg was contraindicated while taking Prezista and Norvir due to the increased risk of harm to patients and interactions causing disability and even death.

27. On or about April 29, 2012, Plaintiff presented to the emergency room at Aria Health being "unable to bear weight or walk" and was admitted to the hospital where she was found to suffer from severe rhabdomyolysis due to her statin therapy used in conjunction with her retroviral therapy specifically Norvir and Prezista, causing plaintiff to suffer serious and/or permanent injuries as hereinafter more fully set forth.

28. The United States of America, by and through the Esperanza Actors performed below standard of care in its/his/her care treatment and services provided to the plaintiff which are the subject of the instant litigation and caused and/or increased the risk of harm which the plaintiff was caused to suffer, including serious and/or permanent injuries as hereinafter more fully set forth.

## COUNT I
## PLAINTIFF v. UNITED STATES OF AMERICA

29. Plaintiff incorporates by the preceding paragraphs 1. – 25. as though same were fully set forth herein.

30. The carelessness, negligence and/or recklessness of the individual actors on behalf of the United States of America, to wit: Robert Reich, PA-C, Bryan Hollinger, M.D., Timothy D. Johnston, M.D., and Timothy J. Leahman, M.D. consisted of the following:

  a. Prescribing statin medication 80 mg of Pravachol to Plaintiff in conjunction with her retroviral medication, specifically Norvir and Prezista, which placed plaintiff at an increased risk of adverse medication reaction;

  b. Failing to supervise and/or properly supervise Robert Reich, PA-C in the care and treatment of plaintiff, in particular in the prescribing of 80 mg of Pravachol (Pravastatin) to used in combination with Norvir and Prezista which were known to have potentially harmful and adverse interaction;

  c. Robert Reich, PA-C's failing to discuss the efficacy and propriety of prescribing 80 mg of Pravachol to plaintiff with his supervising physician(s)

    in light the potential adverse medication interactions between 80 mg of
    Pravachol (Pravastatin) used in combination with Norvir and Prezista;

  d. Failing to counsel and/or properly counsel plaintiff and/or to explain to her the risks of using statin medications such as Pravachol and Simvastatin in combination with Norvir and Prezista;

  e. Failing to properly monitor plaintiff's combined use of statin medications with plaintiff's her retroviral medications Norvir and Prezista when he knew or should have known of the potential adverse effects of using 80mg of Pravachol with Norvir and Prezista;

  f. Failing to perform and/or utilize a prospective drug review before prescribing plaintiff's aforementioned medication;

  g. Failing to utilize and/or follow proper protocols or procedures in the prescription and monitoring of plaintiff's medications as aforementioned.

31. As a direct result of the carelessness, negligence, recklessness and breaches of standard of care as above-noted, plaintiff Carmen Nieves was caused to suffer, physical, mental and emotional injuries including but not limited to the inability to ambulate, loss of bodily functions, organ damage and/or malfunction, and was caused to undergo hospitalization and nursing care and may continue to require same in the future, all to her great loss and detriment.

32. As a direct result of the carelessness, negligence, recklessness and breaches of standard of care as above-noted, plaintiff was caused to and may continue to require medical care and treatment, nursing care and/or assistance with activities of daily living and to incur the costs and expenses of same, all to her great loss and detriment.

33. As a direct result of the carelessness, negligence, recklessness and breaches of standard of care as above-noted, plaintiff was caused to and may in the future continue to suffer a loss of enjoyment of life's pleasures and activities, to endure great

pain and suffering, mental anguish and the ability to live independently, all to her great loss and detriment.

WHEREFORE, Plaintiff Carmen Nieves, demands judgment in her favor and against defendant United States of America in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus costs and interest.

<div style="text-align:center">

**COUNT II**
**PLAINTIFF v. UNITED STATES OF AMERICA**

</div>

34. Plaintiff incorporates by reference the preceding paragraphs as though same were fully set forth herein and plaintiff also invokes the doctrine of *Respondeat Superior* as to defendant United States of America based upon the acts and/or omissions of Esperanza Health Center, Inc.

35.   The carelessness, negligence and/or recklessness of defendant United States of America, by and through its corporate agents, servants workmen and/or employees which deviated from the standard of care in this case consisted of the following:

   a. Prescribing statin medication 80 mg of Pravachol to Plaintiff in conjunction with her retroviral medication, specifically Norvir and Prezista, which placed plaintiff at an increased risk of adverse medication reaction;

   b. failing to supervise and/or properly supervise Robert Reich, PA-C in the care and treatment of plaintiff, in particular in the prescribing of 80 mg of Pravachol (Pravastatin) to used in combination with Norvir and Prezista which were known to have potentially harmful and adverse interaction;

   c. failing to counsel and/or properly counsel plaintiff and/or to explain to her the risks of using statin medications such as Pravachol and Simvastatin in combination with Norvir and Prezista;

   d. Failing to properly monitor plaintiff's combined use of statin medications with plaintiff's her retroviral medications Norvir and Prezista when he knew or should have known of the potential adverse effects of using 80mg of Pravachol with Norvir and Prezista;

   e. Failing to perform and/or utilize a prospective drug review before prescribing

plaintiff's aforementioned medication.

    f.    Failing to utilize and/or follow proper protocols or procedures in the prescription and monitoring of plaintiff's medications as aforementioned.

    g.    Failing to select and retain only competent physicians;

    h.    Failing to select and retain only competent physician's assistants and staff;

    i.    failing to oversee and/or properly oversee all persons who practice medicine within its walls regarding plaintiff's medical care.

WHEREFORE, Plaintiff Carmen Nieves, demands judgment in her favor and against defendant United States of America, jointly and severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus costs and interest.

Fifty Thousand Dollars ($50,000.00), plus costs and interest.

                                    HUBER & PALSIR, LLC

                                    BY: _____
                                    Robert A. Huber, Esquire
                                    Attorney for plaintiff,
                                    Carmen Nieves

Dated: July 2, 2015



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 C Street, SW
Suite 2600 - Mary E. Switzer Building
Washington, DC 20201

CERTIFIED MAIL—RETURN RECEIPT REQUESTED

Robert A. Huber, Esquire
Huber & Palsir, LLC
P.O. Box 37008
Philadelphia, Pennsylvania 19122

JAN 13 2015

Re: Administrative Tort Claim of Carmen Nieves
Claim No. 2014-0369

Dear Mr. Huber:

Your client, Carmen Nieves, filed an administrative claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. This letter constitutes the notice of final determination on this claim, as required by 28 U.S.C. § 2401(b).

The Federal Tort Claims Act authorizes the settlement of any claim for money damages against the United States for, *inter alia*, injury caused by the negligent or wrongful act or omission of any employee of the Federal government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

In describing the basis for this claim, you alleged that Ms. Nieves was improperly prescribed certain medications alleged to be contraindicated with other medications that she was taking at that time. The administrative claim does not contain the names of the providers or health center you allege rendered negligent care causing harm to Ms. Nieves. However, documentation you submitted along with the claim alleges that the acts you describe in the administrative claim were committed by certain employees of Esperanza Health Center in Philadelphia, Pennsylvania.

After review of Ms. Nieves' administrative claim and documents relating thereto, no evidence of an injury caused by the negligent or wrongful act or omission of an employee of the Federal government acting within the scope of employment was found. Accordingly, the Department of Health and Human Services hereby denies the above-referenced claim.

Exhibit "A"

Page 2 - Robert A. Huber, Esquire

If you are dissatisfied with the determination you may:

1. file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

Sincerely yours,

William A. Biglow / by PMH

William A. Biglow
Deputy Associate General Counsel